Matter of the Application for Letters of Administration De Bonis Non on the Goods, Chattels and Credits of FRANK FRIEDLEBEN, Deceased.

(Surrogate's Court, Bronx County, May, 1918.)

Executors and administrators — public administrator — who may be appointed administrator — widow — Code Civ. Pro. §§ 2588, 2606.

A decedent died intestate leaving his widow, who was appointed his administratrix, and two nephews residing in Germany. The widow died intestate leaving assets of the

decedent unadministered and letters of administration were issued to a sister of the full blood and a sister and a brother of the half blood. On an application by the public administrator for letters of administration *de bonis non* on the decedent's estate, said relatives of the deceased widow not only objected to his appointment, but two of them filed a petition asking that they be appointed in his stead.

*Held,* under sections 2606 and 2588 of the Code of Civil Procedure, that while the next of kin of the widow might ultimately receive the share of the widow's estate they would not be entitled to receive the same from the estate of the decedent but from her estate and only after her estate has been administered upon; that while they share in the estate of the widow the fact that her estate consists in whole or in part of an interest in the estate of the deceased husband does not make them share in the latter's estate, in the sense in which that term is used in the statute; that, as the respondent next of kin of the widow admit that she was not entitled to take all the personal estate of the decedent, she does not come within the provisions of another part of section 2588 which gives the right to receive letters to the personal representative of such distributee; and that the public administrator is entitled to letters *de bonis non.*

CONTESTED proceedings for the appointment of an administrator *de bonis non.*

Ernest E. L. Hammer, public administrator, petitioner.

Alfred H. Cambers and Charles P. Hallock, for respondents.

SCHULZ, S.    The decedent died intestate leaving him surviving his widow, who was appointed the administratrix of his goods, etc., and two nephews who are aliens residing in Germany. Subsequently to his death, the widow died leaving assets of the decedent unadministered. The public administrator applies for letters of administration *de bonis non.* The deceased

widow left her surviving one sister, one sister of the half-blood and one brother of the half-blood to whom letters of administration upon her estate were issued. These relatives of the deceased widow object to the appointment of the public administrator as prayed for by him and two of them have filed a petition asking that they receive such appointment in his stead. The question to be determined is which one of the peti-tioners is entitled to priority.

Letters of administration *de bonis non* must be granted to one or more persons or their successors in like manner as if the former letters had not been issued (Code Civ. Pro. § 2606), hence, as set forth in section 2588 of the Code of Civil Procedure. The latter section provides that "Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property, who are competent and will accept the same, in the following order;" and then follow seven subdivisions setting forth the names of relatives of the decedent and the order in which such administration may be granted to them respectively. The 8th subdivision provides that administration may be granted " To any other next of kin entitled to share in the distribution of the estate."

It is evident that the respondents do not come within any of the eight subdivisions referred to. It is conceded that the sisters and brother of the widow of the decedent are not the latter's next of kin. As next of kin of the widow, however, they claim to be entitled to receive shares of that part of the decedent's estate to which the widow is entitled. Their claim to the right to letters is based partly upon the language above quoted. They contend that as next of kin of the deceased widow they are persons who share in the personal property of the decedent, and hence are entitled to priority over the public administrator and they

urge that this contention finds support in the further provisions of the section to the effect that administration shall be granted to the public administrator " if no person entitled to take or share in the estate will accept the same."

In this they are in error. While they may ultimately receive the widow's share of the decedent's estate they will not be entitled to receive the same from the estate of the decedent, but from her estate, and only after her estate has been administered upon and the debts, funeral expenses, inheritance taxes, etc., have been paid. They share in the estate of the widow, but the fact that the estate of the widow consists in whole or in part of her interest in the estate of her husband does not make them share in the latter's estate in the sense in which that term is used in the statute.

Nor can their application be granted because the respondents who also filed a petition are two of the three personal representatives of the deceased widow. The respondents admit that the widow is not " entitled to take all the personal estate " of the decedent; hence she does not come within the provisions of another part of section 2588, which gives the right to receive letters to the personal representative of such distributee.

I have examined *Matter of Briasco,* 69 Misc. Rep. 278, which is cited by the respondents. That proceeding was brought to revoke letters which had been granted to the administrator of a widow who, under the statute and in view of the size of the estate, was entitled to all of the personal property of her husband. The petitioner was a sister of the decedent who took nothing. It was not a controversy in which a county treasurer or a public administrator or any other interested party raised the question and the application to

36

Surrogate's Court, Kings County, May, 1918.    [Vol. 103.

revoke was denied. In my opinion, that case is not an authority for the contention of the respondents in the instant matter.

It follows that the objections must be dismissed, the petition of the public administrator granted and the petition of the two respondents denied.

Decreed accordingly.